UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------X
NANCY MRAKOVICH,                                    Civil Action No.:

                         Plaintiff,          **COMPLAINT
                                                    AND JURY DEMAND**
   - against -

AMERICAN GENERAL LIFE INSURANCE
COMPANY,
                         Defendant.
----------------------------------------X

      Plaintiff, NANCY MRAKOVICH, by her attorney, REED P. WHITTEMORE, ESQ., complaining of the defendant herein, upon information and belief, alleges as follows:

### NATURE OF ACTION

      1.   Plaintiff alleges she is entitled to a death benefit of $100,000.00 pursuant to an insurance policy with defendant, to which she was a named beneficiary.

### JURISDICTION AND VENUE

      2.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

      3.   Venue is proper pursuant to 28 U.S.C. §1391.

### THE PARTIES

      4.   That at all times hereinafter mentioned, plaintiff, NANCY MRAKOVICH, was and is a resident of the State of New Jersey.

      5.   That at all times hereinafter mentioned, defendant, AMERICAN GENERAL LIFE INSURANCE COMPANY (hereinafter "AMERICAN") was and is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Illinois.

## STATEMENT OF FACTS

6. That defendant, AMERICAN, is authorized by the State of New Jersey to issue life insurance policies within said state.

7. On or about August 25, 1987, the Oldline Life Insurance Company of America (hereinafter "Oldline") issued to Joseph Mrakovich a universal life insurance policy with a death benefit of $100,000.00 bearing Policy No. 1418745.

8. That subsequent to said date, the Oldline policy was acquired by defendant, AMERICAN.

9. Pursuant to the terms of said policy, plaintiff was the beneficiary.

10. That on July 31, 2010, Joseph Mrakovich died.

11. That pursuant to the aforesaid policy, plaintiff was entitled to a death benefit of $100,000.00.

12. Plaintiff has satisfied all conditions precedent to such payment.

13. Despite plaintiff's request for payment, defendant has refused to pay to her the death benefit.

14. Defendant's refusal to pay the death benefit remains unsupported by the terms of the policy.

## FIRST CLAIM OF RELIEF:  BREACH OF CONTRACT

15. Plaintiff realleges each and every allegation contained in preceding Paragraphs "1" through "14" with the same force and effect as though here again set forth at length.

16. That on or about January 18, 2010, defendant sent a notice of termination of the policy to the insured, setting forth that the coverage terminated as of February 24, 2010.

17. Said termination notice was defective.

18. That prior to June 11, 2010, plaintiff's decedent applied for reinstatement of the policy and paid all unpaid premiums.

19. Defendant acknowledged receipt of the application and cashed said check on June 11, 2010.

20. A conditional receipt was issued by defendant.

21. Defendant failed to reinstate the policy within 45 days of receipt of the premium.

22. Upon notification of plaintiff's decedent death, defendant refused to reinstate the policy.

23. As a result of defendant's breach of the duty of good faith and fair dealing, plaintiff sustained compensatory damages in the sum of $100,000.00.

### SECOND CLAIM FOR RELIEF:  PUNITIVE DAMAGES

24. Plaintiff realleges each and every allegation contained in preceding Paragraphs "1" through "22" with the same force and effect as though here again set forth at length.

25. As a result of defendant's egregious conduct, including bad faith, plaintiff is entitled to exemplary and punitive damage in the sum of $1,000,000.00.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:
(a) an award of compensatory damages in the sum of $100,000.00 damages, together with interest from July 31, 2010; (b) an award of exemplary and punitive damages in the sum of $1,000,000.00 and (c)

such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Dated: Port Washington, New York
January 14, 2011

> Yours, etc.
>
> WOLFE & YUKELSON PLLC
>
> By: _____
> Reed P. Whittemore
> Attorneys for Plaintiff
> NANCY MRAKOVICH
> 14 Vanderventer Avenue
> Suite 115
> Port Washington, NY  11050
> (516) 883-9500